HARVEY, APPELLANT, *v.* BRUMBACK, MAYOR, ET AL., APPELLEES.

(No. 1478—Decided November 30, 1960.)

Mr. *Joseph C. Zieba*, for appellant.
Mr. *Moses Krislov*, for appellee Harold Brumback, Mayor.
Mr. *R. J. Martinek*, for appellee village of Vermilion-on-the-Lake.

Doyle, P. J.   This is an action for a declaratory judgment, commenced in the Court of Common Pleas of Lorain County by Robert Harvey, in which he seeks "a * * * declaration affirming his status as chief of police of the village of Vermilion-on-the-Lake, Ohio."

The facts are stipulated substantially as follows:

1. The defendant village of Vermilion-on-the-Lake, Ohio, is a municipal corporation, without charter, and operates under the general laws of Ohio.

2. The defendant Harold Brumback is the mayor of the co-defendant village.

3. On September 2, 1958, the mayor, with the advice and consent of the village council, made a probationary appointment of the plaintiff, Robert Harvey, to the office of chief of police of the village.

4. On April 6, 1959, which date was shortly after the end of the probationary period of the police chief, the village council requested the mayor to transmit to it a record of the police chief's service, with his recommendations thereon for final appointment.  The mayor in reply thereto instructed the council that the chief had performed his services in a satisfactory way, but would withhold his recommendation until the next council meeting.

5. On May 4, 1959, the mayor, "without transmitting to the legislative authority of the village a record of * * * [the chief's] service, without making a recommendation to the legislative authority, and refusing to give any reason therefor, announced verbally that he was dismissing the plaintiff, Robert Harvey, as chief of police of the village and [was] appointing a new acting chief of police."

6. Council requested of the mayor an explanation of his conduct "and sought by motion to bring the matter to a legislative vote."  The mayor refused to give any reason to the

council for his dismissal of the chief of police, and refused to permit a motion to be made.

7. The council members thereupon individually rejected the action of the mayor.

8. The dismissed chief of police attempted to perform his police duties after his dismissal, but was prevented from doing so by the mayor.

9. On September 14, 1959, the council, by resolution, reaffirmed its stand against the action of the mayor in dismissing the police chief, and "reaffirmed the plaintiff as chief of police of said village."

The plaintiff in his pleading charges that the mayor's actions "have been arbitrary, capricious, and an abuse of statutory authority, without due process of law and in violation thereof." He then requests a ruling "that the action of defendant Mayor Brumback in discharging the plaintiff as chief of police * * * is improper." He then prays "for a judicial determination and declaration affirming his status as chief of police * * *, and an adjudication preventing the mayor * * * from interfering with plaintiff's performance of his duties. and for recovery of plaintiff's costs * * * and such further * * * relief as the court can grant."

Upon the issues made by the pleadings of the defendants and the plaintiff's amended petition, and, pursuant to trial, the Court of Common Pleas entered a judgment that the plaintiff's term of office "as chief of police under probationary appointment was terminated" on May 4, 1959, and a judgment "in favor of the defendants herein, and against the plaintiff, Robert Harvey" for the costs.

From this judgment an appeal on questions of law and fact has brought the case to this court.

The facts heretofore stated, as stipulated and contained in a transcript of the record, are before this court, and in addition thereto we have admitted in evidence an ordinance passed by the village council on September 12, 1960, which ordinance "ratifies and concurs in the decision of mayor Harold Brumback in dismissing Robert Harvey as police chief of said village as of May 4, 1959, after serving his probationary period."

The ordinance further provides that "said Robert Harvey is entitled to compensation up to and including May 4, 1959."

From the facts heretofore stated, it is observed that this court has before it the same evidence as did the Common Pleas Court, except only that, since the trial and judgment in the lower court, the village council did change its attitude in respect to the chief of police by enacting, on September 12, 1960, the ordinance mentioned above, ratifying and affirming the dismissal of the officer.

In the trial in this court, the following stipulation, agreed upon by counsel for all parties, was presented:

"It is stipulated by counsel that if it is determined by the Court of Appeals that Robert Harvey was entitled to the office of Chief of Police of Vermilion-on-the-Lake, Ohio, for any period after May 4, 1959, the case will be remanded by the Court of Appeals to the Court of Common Pleas for a determination of the compensation or damages to which he is entitled."

We first direct our attention to the question of whether the probationary appointment of Robert Harvey, as chief of police, terminated on May 4, 1959, the date of his discharge by the mayor.

The village of Vermilion-on-the-Lake, not having adopted a charter prescribing its form of government and defining its powers on purely local matters, is subject to general laws enacted by the state Legislature for the government of municipalities.

Section 731.09, Revised Code, provides, in part:

"The legislative power of each village shall be vested in, and exercised by, a legislative authority, composed of six members, who shall be elected by the electors of the village at large * * *."

Section 733.24, Revised Code, provides that the mayor of a village "shall be the president of the legislative authority and shall preside at all regular and special meetings thereof, but shall have no vote except in case of a tie."

Provision for the appointment and removal of a chief of police is made in the following section of the Code:

"Each village shall have a marshal, designated chief of police, appointed by the mayor with the advise and consent of the legislative authority of the village, * * * and who shall continue in office until removed therefrom as provided by Sections

733.35 to 733.39, inclusive, of the Revised Code. In case of the removal of a marshal or chief of police of a village, an appeal may be had from the decision of the legislative authority to the Court of Common Pleas to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of such legislative authority." Section 737.15, Revised Code.

The following general law, however, must be used in connection with the above statute:

"All appointments made under Sections 737.15 and 737.16 of the Revised Code [Section 737.16, Revised Code, is not pertinent to our present inquiry], shall be for a probationary period of six months' continuous service, and none shall be finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the mayor shall transmit to the legislative authority of the village a record of such employee's service with his recommendations thereon and he may, with the concurrence of the legislative authority, remove or finally appoint the employee." Section 737.17, Revised Code.

In the case before us, Robert Harvey had not at any time been advanced beyond his probationary standing, and inasmuch as the above section, 737.17, Revised Code, is specific in providing for the removal or final appointment of a probationary chief of police, it seems obvious that the legal machinery provided for the removal of a chief of police in Section 737.15, Revised Code, is not available to, nor does it apply to, Robert Harvey, a probationary chief of police.

Looking again to the wording of Section 737.17, Revised Code, it seems clear to this court that the Legislature intended that the original appointment of a chief of police under authority of, and in compliance with, Section 737.15, Revised Code, would be for a period of six months only. If at the end of this period the appointed person has satisfactorily served his office, then the mayor, with the concurrence of the council, is given the power to permanently appoint him, to "continue in office until removed therefrom as provided in Sections 733.35 to 733.39, inclusive, of the Revised Code."

In the case before us, a permanent appointment was not

made by the appointing authorities. The six-month probationary period expired in March of 1959, and the chief of police was no longer a *de jure* officer—the term had expired. By virtue of the mayor's authority to enforce the laws and ordinance of the village, he possessed the power to discharge the chief of police, who seemingly, during the interim between the expiration of the six-months' period and the date of discharge, had been acting as a *de facto* officer.

It is the conclusion of this court that, by virtue of the statutes noted above, the appellant has not been, since March of 1959, a *de jure* chief of police of the village of Vermilion-on-the-Lake, and that, from the date of his formal discharge by the mayor, he had no standing either as a *de jure* or a *de facto* officer. See: *State, ex rel. DeMatteo,* v. *Allen, Mayor,* 170 Ohio St., 375.

*Judgment accordingly.*

STEVENS and HUNSICKER, JJ., concur.